**DANA v. SHEEHAN et al.**

Civ. A. No. 1685.

District Court, E. D. Missouri, E. D.

May 27, 1946.

Biggs, Curtis & Crossen and Ralph Graham, all of St. Louis, Mo., for plaintiff.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., Russell Vandivort, Asst. U. S. Atty, of St. Louis, Mo., and Sewall Key, Acting Asst. Atty. Gen., and Andrew D. Sharpe and Wm. B. Waldo, Sp., Asst. to Atty. Gen., all of Washington, D. C., for defendants.

MOORE, District Judge.

Plaintiff, Leslie Dana, filed his petition herein against Thomas J. Sheehan, individually, and as Collector of Internal Revenue for the First Missouri District, for the recovery of income taxes paid in 1935 and 1936. An answer was duly filed on behalf of the defendant, and the defendant having died during the pendency of the cause, the cause was revived against Joseph F. Sheehan and Jere Sheehan, executors, and the Mercantile Commerce Bank and Trust Company, administrator c.t.a of the Estate of Thomas J. Sheehan, deceased.

The cause was heard on November 19 and 20, 1945.

The Court having heard all the testimony and having considered all the evidence, including the Exhibits, and having considered the briefs and arguments of counsel and the entire record in these proceedings, and being fully advised in the premises, hereby makes its findings of fact and conclusions of law:

### Findings of Fact

1. The Charter Oak Stove and Range Company, of which plaintiff was a large stockholder, declared stock dividends of $100,000 out of surplus in each of the years 1914, 1920 and 1923. During this period the business of the company was undergoing expansion and the credit requirements were large, due to the fact that stoves (the company's principal product) were purchased in large quantities, often as much as car or trainload lots, and were financed on long terms of as much as six to nine months. These factors increased the capital requirements of the company, and the stock dividends were declared to provide the needed additional capital. The resultant increase in capital was maintained until 1934, subject to the same risks and restrictions as the company's original capital and became a legitimate and indistinguishable part of the total capital of the company.

2. During the entire period from 1914 to 1934 substantial cash dividends were paid by the company.

3. In 1934 the company had a substantial deficit. At that time, due to the depression and a general change and decrease in the stove business, the business of the Charter Oak Stove and Range Company had greatly declined. Also the credit requirements of the company had decreased due to a change in financial methods. Purchases of the company's products were in much smaller quantities and on shorter terms than had been the case during the period of the company's expansion from 1914 to the early 1920's. As a result of these conditions, the company's capital requirements were greatly reduced in 1934. Accordingly the company, pursuant to a legitimate plan of contraction and partial liquidation, reduced the par value of its stock and transferred capital to surplus to be distributed to stockholders.

4. The company paid dividends in 1935 and 1936, partly from current earnings and partly from capital released through the reduction in par value of the stock.

5. Neither the declaration of stock dividends in 1914, 1920 and 1923, nor the subsequent capital reduction and distribution in 1934, were a part of any plan or scheme of the plaintiff to avoid taxes. Both the stock dividends and the capital distribution were bona fide and for legitimate corporate purposes of the company.

6. Of the dividends received by plaintiff in 1935 $22,318.85 were paid out of capital and constituted a distribution in partial liquidation. Plaintiff is entitled to refund of the tax paid thereon in the amount of $3,177.24, with interest from the dates of payment according to law. Plaintiff paid his 1935 tax in four installments of $919.25 each on March 16, June 12, September 11 and December 5, 1936.

7. Of the dividends received by plaintiff in 1936 $16,633.88 were paid out of capital and constituted a distribution in partial liquidation. Plaintiff is entitled to refund of the tax paid thereon in the amount of $5,052.09, with interest from the dates of payment according to law. Plaintiff paid his 1936 tax in four installments of $2,707.-49 each on March 13, May 25, September 11 and December 3, 1937.

### Conclusions of Law

A. The Court finds that the distribution in partial liquidation of the capital released through the reduction in par value of the stocks was not "essentially equivalent to the distribution of a taxable dividend", within the meaning of Section 115(g) of the Revenue Act of 1934, 26 U.S.C.A.Int. Rev. Acts, page 704.

B. The Court finds the issues herein joined in favor of the plaintiff and against the defendants, and further finds that the defendants are indebted to the plaintiff on the First Count of his petition for taxes paid in 1935 in the amount of $3,177.24 with interest from dates of payment according to law, and further finds that defendants are indebted to the plaintiff on the Second Count

of his petition in the sum of $5,052.09 for taxes paid in 1936, with interest thereon from dates of payment according to law.